# Lessee of John Hughes *against* Henry Dougherty

Persons not entitled to pre-emption of Indian lands, under the act of 21st December 1784, who did not occupy the same after the commencement of the war.

Persons may estop themselves, not others by mutual agreement.

THIS was an ejectment for 324 acres of land, part of the Indian lands in Northumberland county.

The plaintiff claimed under a warrant issued on the 2d May 1785, for the premises, and a survey made thereon upon the 10th January 1786. The defendant, on the 20th June 1785, entered a caveat against the claims of the plaintiff, and on the 5th October following, took out a warrant for the land in dispute, on which he was then settled. Both claimed the preemption under the act of 21st December 1784, and on the evidence given the facts appeared to be:

That in 1773, one James Hughes, a brother of the plaintiff, settled on the lands in question and made some small improvements. In the next year he enlarged his improvement, and cut logs to build an house. In the winter following he went to his father's in Donegal in Lancaster county, and died there. His elder brother Thomas was at that time settled on the Indian land, and one of the "Fair Play Men," who had assembled together and made a resolution, (which they agreed to enforce as the law of the place,) that "if any person was "absent from his settlement for six weeks he should forfeit "his right."

In the spring of 1775 the defendant came to the settlement, and was advised by the Fair Play Men to settle on the premises which Hughes had left; this he did, and built a cabin. The plaintiff soon after came, claiming it in right of his brother, and aided by Thomas Hughes, took possession of the cabin; but the defendant collecting his friends, an affray ensued, in which Hughes was beaten off and the defendant left in possession. He continued to improve, built an house and stable, and cleared about ten acres. In 1778 he was driven off by the enemy and entered into the army. At the close of the war, both plain \* tiff and defendant returned to the settlement, each claiming the land in dispute.

*498]

The warrant was taken out in the name of James Hughes, (the father of the plaintiff who is since dead,) for the benefit of his children.

After argument by Mr. Charles Smith and Mr. Duncan for the plaintiff, and Mr. Daniel Smith and Mr. Read for the defendant, Justice Shippen in the charge of the court to the jury, said—

The dispute here, is between a first improvement, and a subsequent but much more valuable improvement. But neither of the parties has any legal or equitable right, but under the act of the 21st December 1784. The settlement on

[Hughes's Lessee v. Dougherty.]

this land was against law. It was an offence that tended to involve this country in blood. But the merit and sufferings of the actual settlers cancelled the offence, and the legislature, mindful of their situation, provided this special act for their relief. The preamble recites their "resolute stand and suffer-"ings," as deserving a right of pre-emption. The legislature had no eye to any person who was not one of the occupiers after the commencement of the war, and a transient settler removed, (no matter how,) is not an object of the law. This is our construction of the act. James Hughes under whom the plaintiff claims, died before the war, the other occupied the premises after, and in the language of the act, "stood "and suffered." If this construction be right, the cause is at an end.

Besides, the plaintiff claims as the heir of Thomas, who was the heir of James, the first settler. I will not say that the fair play men could make a law to bind the settlers; but they might by agreement bind themselves. Now Thomas was one of these, and was bound by his conduct, from disputing the right of the defendant.

This warrant it seems, is taken out in the name of the father, and it is said, as a trustee for his children. It is sometimes done for the benefit of all concerned. If this be the case, it may be well enough; but still it is not so regular, as it might have been. With these observations, we submit it to you.

Verdict for the defendant.